UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: JAN 06 2015
```

RHONI PIPER,

                                Plaintiff,

                    -against-

TORNA, INC., SHOPRITE OF
WATERBURY, LLC, WAKEFERN FOOD
CORP., and ALLIED MECHANICAL
SERVICES, LLC,

                                Defendants.

No. 14 Civ. 5886 (RA)

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Rhoni Piper filed this personal injury action against Defendants Torna, Inc.
("Torna"), Shoprite of Waterbury, LLC ("Shoprite"), Wakefern Food Corp. ("Wakefern"), and
Allied Mechanical Services, LLC ("Allied") in New York State Supreme Court, Bronx County,
on May 13, 2014. (Dkt. 1 Ex. A.) Defendants removed the action to this Court on July 30, 2014.
(Dkt. 1.) On November 6, 2014, Defendants jointly filed the instant letter motion seeking transfer
of the action from the Southern District of New York to the District of Connecticut—a transfer to
which Plaintiff does not consent. (Dkt. 22.) For the reasons stated below, Defendants' motion is
denied.

## BACKGROUND

In her Complaint (Dkt. 1 Ex. A.), Plaintiff alleges that she suffered personal injuries while
shopping at the Shoprite of Waterbury ("the premises"), a grocery store located in Waterbury,
Connecticut, on May 25, 2012. (Id. at ¶ 77.) Specifically, Plaintiff alleges that she slipped, fell,
and suffered injuries as a consequence of a leaking freezer on the premises. (Id. at ¶ 78.) She

1

further alleges that Defendants Torna, Shoprite, and Wakefern each either owned or leased the premises on which her injuries occurred, and that Allied was either the general contractor or subcontractor responsible for the "construction, restoration, renovation and repair work being performed upon the premises" at the time of injury.  (Id. at ¶¶ 18-75.)

At all times, Plaintiff was—and remains—a resident of Bronx County.  (Id. at ¶ 1.) Defendants Torna, Shoprite, and Allied each have their principal place of business in Connecticut, and each are organized under Connecticut law, while Defendant Wakefern is incorporated and has its principal place of business in New Jersey. (Dkt. 1 at ¶¶ 4-7.) Defendants argue that the common residency of three Defendants in Connecticut—the state in which the underlying accident occurred—necessitates transfer from the Southern District of New York to the District of Connecticut. (Dkt. 22.) The Court disagrees.

## LEGAL STANDARD

Defendants seek the transfer of this action to the District of Connecticut pursuant to 28 U.S.C. § 1404(a).[1]  Under this provision, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

In determining whether to grant a transfer motion, courts in this Circuit engage in a two-part analysis: "(1) whether the action might have been brought in the proposed transferee forum; and (2) whether the transfer promotes convenience and justice."  Excelsior Designs, Inc. v. Sheres, 291 F. Supp. 2d 181, 185 (E.D.N.Y. 2003) (internal quotations omitted).  In conducting this analysis, there is "ordinarily a strong presumption in favor of a plaintiff's choice of forum," and it

---

[1] In their letter motion, Defendants seek a transfer pursuant to 28 U.S.C. § 1404(a), but quote the statutory text of 28 U.S.C. § 1404(b).  (Dkt. 22.)  Because Defendants seek transfer outside of this District, however, the motion will be considered under 28 U.S.C. § 1404(a).

is the "moving party [that] bears the burden of showing, by clear and convincing evidence, that a transfer is appropriate." Phillips v. Reed Group, Ltd., 955 F. Supp. 2d 201, 229 (S.D.N.Y. 2013).

"An action 'might have been brought' in another forum if venue would have been proper there and the defendants would have been amenable to personal jurisdiction in the transferee forum when the action was initiated." Lihuan Wang v. Phoenix Satellite Television US, Inc., No. 13 Civ. 218(PKC), 2014 WL 116220, at *2 (S.D.N.Y. Jan. 13, 2014). In determining whether the transfer promotes convenience and justice, courts in this Circuit consider several factors, including: "(1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances." Invivo Research, Inc. v. Magnetic Resonance Equip. Corp., 119 F. Supp. 2d 433, 436 (S.D.N.Y. 2000).

"The convenience of the witnesses and the locus of the operative facts of the case are typically regarded as primary factors in [this] balance-of-convenience inquiry." Liberty Mut. Ins. Co. v. Fairbanks Co., 17 F.Supp.3d 385, 396 (S.D.N.Y. 2014). A party seeking transfer on this basis "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." Id. (internal quotations omitted). Despite the primacy of the convenience-of-the-witness and locus-of-operative-facts factors, however, a "plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless other factors weigh strongly in favor of transfer." Excelsior Designs, Inc., 291 F. Supp. 2d at 187.

3

## DISCUSSION

Here, Plaintiff's action might have been brought in the District of Connecticut. All of the members of Defendants Shoprite and Allied are residents of Connecticut (Dkt. 22 at 2), and Defendant Torna is incorporated there, (id.); the U.S. District Court for the District of Connecticut would thus have personal jurisdiction over these defendants. Similarly, although Defendant Wakefern has its principal place of business and is incorporated in New Jersey, its ownership or lease of the Connecticut premises on which Plaintiff was injured is a sufficient basis for the exercise of personal jurisdiction by the federal courts in Connecticut. See Fed. R. Civ. P. 4(k)(1)(A); Conn. Gen. Stat. § 52-59b. Venue would also be proper in the District of Connecticut, as it is the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

Defendants, nevertheless, have failed to establish that transfer is proper. Defendants provide little justification for the transfer of this case: they note that "[t]hree of the defendants are residents of Connecticut" and that Connecticut is where the accident occurred, but otherwise make only the conclusory argument—without any supporting facts—that there "is no nexus of this case to the State of New York, but for plaintiff's residence, which is not sufficient under the facts of this case." (Dkt. 22 at 2.) Indeed, they fail even to make a formal motion, as this Court requires. See L. Civ. R. 7.1; ECF R. 13.1.

While it is thus clear that the locus of operative facts (the premises on which Plaintiff's injuries occurred) is in Connecticut, the Court cannot determine whether a transfer to the District of Connecticut would be more convenient for the parties and the witnesses.[2]  Defendants'

---

[2] Indeed, because Connecticut neighbors New York, even if witnesses were located in Connecticut, this fact alone would not demand transfer. See New Asia Enters. Ltd. v. Fabrique, Ltd., No. 13 Civ. 5271(JFK), 2014 WL 3950901, at *8 (S.D.N.Y. Aug. 13, 2014).

conclusory letter motion also does not permit the Court to determine the availability of process to compel testimony by unwilling witnesses, or the locations of relevant documents and other sources of proof.

Furthermore, although the U.S. District Court for the District of Connecticut may be more familiar with Connecticut substantive law than courts in this District, it is New York's choice of law rules that would follow the action to Connecticut, see Ferens v. John Deere Co., 494 U.S. 516, 530, (1990), and it is not clear at this time that a trial in Connecticut would be any more or less efficient than a trial in New York.  It is also likely that the relative means of the parties factor would militate against transfer, as Defendants are business organizations and Plaintiff is an individual litigant.  Even if this anticipated disparity in means was reversed, its import would be mitigated by the relative proximity of Waterbury (where the injury occurred) to this Court.

In short, Defendants' two-page letter is insufficient to overcome the strong presumption in favor of Plaintiff's choice of forum.  Defendants' motion to transfer this action to the District of Connecticut is thus denied, without prejudice to renewal.  The case shall remain before this Court.

## CONCLUSION

For the reasons stated above, Defendants' motion for a transfer is denied.  The case shall proceed according to the scheduling order issued by Judge Roman on October 2, 2014 (Dkt. 12), unless the parties request—-and the Court orders—otherwise.  Additionally, Defendants Torna, Shoprite, and Wakefern are instructed to submit a joint letter advising the Court as to the status of any responsive pleading no later than January 16, 2015.

SO ORDERED.

Dated:    January 6, 2015
           New York, New York

Ronnie Abrams
United States District Judge